101 F.3d 684
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re: Tamara Eugenia PAL, Debtor,
Tamara Eugenia PAL, Appellant,
v.
WEATHERGUARD INDUSTRIES, INC., Creditor-Appellee,
HODGSON, RUSS, ANDREWS, WOOD & GOODYEAR, A. HERSHEL SMITH, ESQ.,
 No. 95-5093.
 United States Court of Appeals, Second Circuit.
 May 23, 1996.
 
 Tamara Eugenia Pal, Pro Se, Monsey, NY.
 On Submission.
 N.D.N.Y.
 AFFIRMED.
 Before CARDAMONE, ALTIMARI and PARKER, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Northern District of New York, and was argued by appellant pro se and was on submission by appellee.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Pro se debtor Tamara Eugenia Pal appeals from the order of the District Court dated October 31, 1995 affirming the order of Bankruptcy Court dated January 26, 1995.
 
 
 4
 Pal contracted with WeatherGuard Industries, Inc. to construct a roof on the property owned by a holding corporation known as the Pal Family Credit Company, Inc., of which Pal is the president and her husband Sal is the secretary. Weatherguard could not obtain payment from Pal. Pal maintained that the work had never been completed, while Weatherguard claimed that Pal was seeking additional work. Weatherguard obtained in state court a judgment against Pal for $82,056 in May 1994.
 
 
 5
 In August 1994, Pal filed in bankruptcy court a petition under Chapter 11. In October, Weatherguard applied for relief from the automatic stay. The bankruptcy court unconditionally granted Weatherguard relief from the stay and conditionally dismissed Pal's Chapter 11 petition if Pal did not voluntarily convert the petition to Chapter 7 prior to February 7, 1995.
 
 
 6
 The bankruptcy court did not abuse its discretion in granting relief from the stay. Relief from a stay is granted if "(A) the debtor does not have equity in [the] property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). The bankruptcy court properly found that Pal had no equity in the property due to the various mortgages and liens that exceeded the appraised value of the property. The court also properly found that there was no possibility of an effective reorganization because, inter alia, Pal's proposal to reorganize by subdividing her property was infeasible, Pal was unemployed, and the Pal Family Credit Union had no source of income.
 
 
 7
 We affirm the judgment of the district court.
 
 
 8
 We deny appellees' request for costs and sanctions.